RAMON G. DE LA RIVA, Administrator of J. MOLINO, Respondent, v. JOSE J. BERREYESA and SISTO BERREYESA, Appellants.

Hearsay and irrelevant testimony should be excluded by referees.

Referees should exclude items barred by the statute of limitations, if objected to.

Referees have no power to allow the parties to alter the pleadings after a case has been submitted to them.

APPEAL from the Seventh Judicial District, Nassa County.

The respondent sued the appellants for $37,306.50, alleging that the defendants were indebted to the plaintiff's intestate in that sum, for work and labour, money lent, money paid, and goods sold and delivered, &c.; and praying judgment accordingly. The summons was returned served on both defendants, July 10th and 11th, 1851. On the 21st of July, Lee and Blair, as attorneys for the defendants, filed an answer for both defendants, denying the allegations of the complaint; and setting up that the defendants employed the intestate as a servant, in 1847, for the term of five years; and were to furnish him with board and clothing for his services; and that the intestate left their service in 1850, without cause; by which the defendants had sustained damage to the amount of $10,000, for which they claimed judgment. At the July term, 1851, the defendant, Sisto, by Bristol, his attorney, filed the affidavit of Sisto that he had never employed Lee and Blair as his attorneys; whereupon the answer, as to him, was ordered to be struck out, with leave to answer, &c. Sisto then filed an objection to the form of the

summons, that it did not contain a notice of the demand, &c., as required by the Act of 1851. The cause was then continued, with leave to issue an *alias* summons; which was returned not found, as to Jose, and served on Sisto. On the 29th of September, 1851, E. W. McKinstry, his attorney, filed an answer similar to that filed by Lee and Blair; and also alleging payment. The plaintiff, on demand, furnished Sisto's attorney with a bill of particulars, amounting to $8974.50. At the October term, 1851, by consent of parties, it was ordered that the cause be referred to three referees named, and that their decision should be filed as a judgment of the Court. Afterwards, during the same October, the plaintiff filed with the clerk an amended complaint, substantially like the original complaint, and immediately served it on the attorney of Sisto. The referees met on the 6th of November, 1851; when the defendant Sisto objected to the referees acting on the amended complaint; but the objection was overruled, and the defendant Sisto ordered to answer the amended complaint; which he did, filing answer similar to his former answer; but excepting to the order of the referees. Objection was then made to the sheriff's return of the *alias* summons, and overruled. The referees then proceeded to hear the cause; and sundry witnesses were examined. The testimony was vague; and the referees admitted some hearsay testimony, against the objection of the defendant Sisto. His objection that some of the items were barred by the statute of limitations, was also overruled. Many objections were made and overruled by the referees during the hearing; but it is deemed unnecessary to notice them. On the 12th of November, 1851, the referees filed their report, finding in favour of the plaintiff against the defendant Sisto, for $8459.33, with interest from the 1st of December, 1850, and costs; and the Court rendered final judgment accordingly. Sisto appealed; and the parties made a statement of all the proceedings, as an agreed case for the decision of this Court on the appeal.

*Brown, Pratt, Tracy,* and *McKinstry,* for the appellants.

*J. Howell,* for the respondent.

Chief Justice MURRAY delivered the opinion of the Court. It is difficult to say on what precise ground this case should be sent back as the record is one tissue of errors, between which it is

hard for the Court to make a choice. The case was tried by three referees, who returned the testimony and rulings; which are now before this Court in the form of an agreed ·case. It appears that after the case was submitted, the referees allowed the plaintiff to introduce an amended complaint, and compelled the defendant to file an amended answer. It needs no argument to prove that referees have no such power, and that when an issue is made up and submitted to them, they must pass upon that issue, and cannot change it. It appears, also, that testimony, though objected to, was admitted to establish a demand for the price of wheat which was barred by the statute of limitations. The record discloses much hearsay and irrelevant testimony, which should have been excluded. In fact, so many errors are presented for correction, that it would be a gross abuse of power for this Court to affirm the judgment. Justice to the defendant requires a new trial.

Ordered accordingly.

On a subsequent day of the term, the Court, on motion, ordered that the execution and sheriff's sales on the judgment be set aside.